UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES FROST, SR.,
*on behalf of his son, a minor*,

                Plaintiff,

v.                                      **DECISION AND ORDER**
                                            04-CV-675S

JO ANNE B. BARNHART,
*Commissioner of Social Security*,

                Defendant.

      1.      Plaintiff James Frost, Sr. commenced this lawsuit on behalf of his minor child pursuant to 42 U.S.C. § 405(g) seeking reversal of the Administrative Law Judge's ("ALJ") denial of his child's application for Social Security benefits.[1] Presently before this Court is Defendant's Motion for Judgment on the Pleadings. For the reasons that follow, Defendant's motion is granted.

      2.      On March 17, 2004, the ALJ denied Plaintiff's application for social security benefits. Plaintiff exhausted his administrative remedies and filed the instant action on August 19, 2004, which was initially assigned to Chief Judge Richard J. Arcara. On November 3, 2004, Chief Judge Arcara referred this case to Magistrate Judge H. Kenneth Schroeder, Jr. Thereafter, Defendant filed a Motion for Judgment on the Pleadings on January 31, 2005. The parties fully briefed the motion and Judge Schroeder heard oral argument on June 7, 2005, after which he reserved decision. On December 21, 2006,

---

[1] For ease of reference, James Frost, Sr. and his minor child will be referred to collectively as "Plaintiff."

1

Chief Judge Arcara transferred this case to this Court.[2]

      3.    Defendant contends that she is entitled to judgment as a matter of law because the ALJ's decision that Plaintiff was not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is not the product of legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Plaintiff does not challenge the ALJ's finding that he is not disabled, and this Court finds that the record supports the ALJ's finding in this regard. However, Plaintiff argues that the ALJ committed legal error by failing to consider whether he was disabled for any period *prior to* his application for disability benefits. This argument is without merit.

      4.    The regulations provide that an application for benefits is effective from the date it is filed going forward. 20 C.F.R. § 416.335. For example, if a claimant files an application after the month that he first meet all of the eligibility requirements, he can only be paid (assuming he is disabled within the meaning of the Act) beginning in the month *after* the application was filed. Id. Benefits are not available for the month the application is filed or any months before that month. Id. Thus, social security benefits cannot be awarded retroactively to cover a time period pre-dating the filing date of the application. See Binder v. Barnhart, 307 F.Supp.2d 471, 473 (E.D.N.Y. 2004) ("statutory and regulatory provisions preclude retroactivity of SSI benefits for the period prior to the filing of the SSI application"); 20 C.F.R. § 404.316(a) (entitlement to benefits begins with the first month covered by the application in which all other requirements for entitlement to benefits are

---

[2] By separate Order, this Court vacated the previous dispositive referral order to Judge Schroeder.

met).

5. Here, the ALJ specifically found that Plaintiff had not been under a "disability" as defined in the Social Security Act at any time since the application filing date through the date of her decision. (R. at 22.[3]) There is no challenge to this conclusion, and based on the regulations, this Court finds that the ALJ did not commit legal error by not considering whether Plaintiff was disabled for any period *prior to* September 19, 2001, which was the date of his application. (R. at 374-75.) Accordingly, Defendant is entitled to judgment on the pleadings and her motion seeking such relief is granted.[4]

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 9) is GRANTED.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:   February 28, 2007
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

---

[3] Citations to the underlying administrative record are designated as "R."

[4] Before Judge Schroeder, Plaintiff's counsel argued that if the ALJ found that Plaintiff was disabled within the meaning of the Act even for one day after the date of the application, the ALJ was obligated to consider the pre-application date evidence to determine whether Plaintiff met the 12-month durational requirement for disability under the Act. See 42 U.S.C. § 1382c (a)(3)(C)(i); Tr. at 7. However, it is undisputed that the ALJ did not find Plaintiff disabled during *any* portion of the relevant time period, not even one day. (R. at 22.)